STATE OF NORTH CAROLINA v. LEROY BENTON, JR.

No. 7922SC296

(Filed 3 July 1979)

**1. Homicide § 21.1— sufficiency of evidence**

There was no merit to defendant's contention in a homicide case that all the evidence showed self-defense and that his motion for nonsuit should have been granted since the State's evidence that defendant shot his victim was sufficient for the jury to conclude it was an unlawful killing and since the jury did not have to believe defendant's evidence as to who fired the first shot.

**2. Homicide § 21.2— injury inflicted by defendant—sufficiency of evidence**

Evidence that defendant fired at his victim at point blank range was substantial evidence from which the jury could conclude that defendant shot the victim, and the absence of ballistics evidence did not require that defendant's motion for nonsuit be granted.

State v. Benton

3. Homicide § 28— self-defense—burden of proof—proper jury instructions

    Defendant was not prejudiced by the trial court's expression, that the third and fourth elements of self-defense "that must be proved . . . ," since the court properly placed upon the State the burden of proving beyond a reasonable doubt all elements of self-defense.

    Judge MARTIN (Robert M.) dissenting.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 4 January 1979 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 14 June 1979.

The defendant was tried for first degree murder. The evidence showed that on 27 October 1974 defendant was working at "Dan's Place" on the Shoaf Road in Davidson County. Robert "Buck" Eller entered Dan's Place with some friends and proceeded to a table where he and his friends sat down. The defendant went to the table at which Mr. Eller's group was seated and engaged in conversation with Mildred Littlejohn. After words were passed between Buck Eller and defendant, both men drew pistols and began firing at each other. Buck Eller received two wounds, which were mortal. One other person in Dan's Place was killed and one was wounded during the exchange of gunfire. The witnesses for the State testified they did not see who fired first. The defendant's witnesses testified Buck Eller fired first. The court dismissed the charge as to first degree murder and the jury convicted the defendant of voluntary manslaughter. From the imposition of a prison sentence, the defendant has appealed.

*Attorney General Edmisten, by Associate Attorney Richard L. Kucharski, for the State.*

*Hutchins, Tyndall, Bell, Davis and Pitt, by Fred S. Hutchins, Jr. and Richard D. Ramsey, for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error deals with the court's overruling his motion for nonsuit. He contends there was no evidence that he fired a pistol first and all his evidence was to the effect that Buck Eller fired first. He argues from this that all the evidence shows self-defense. We do not agree. The State's evidence shows that defendant shot Buck Eller. This is evidence from which the jury could conclude it was an unlawful killing. *See*

*State v. Hammonds*, 290 N.C. 1, 224 S.E. 2d 595 (1976). The jury did not have to believe defendant's evidence as to who fired the first shot. *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), *rev'd on other grounds*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed. 2d 306 (1977).

[2]   The defendant also argues that since no ballistic evidence was introduced that showed the fatal bullet came from his pistol, it could as reasonably be concluded that the deceased shot himself. We hold the evidence that defendant fired at Buck Eller at point blank range is substantial evidence from which the jury could conclude the defendant shot Buck Eller. This is sufficient evidence to withstand a motion for nonsuit. *See State v. Roseman*, 279 N.C. 573, 184 S.E. 2d 289 (1971).

[3]   The defendant next assigns as error the charge of the court. In its charge, the court correctly defined self-defense and properly charged the jury that the burden of proving beyond a reasonable doubt the lack of self-defense was on the State. In defining the elements of self-defense, the court used the following expressions: "[t]he third element of self-defense that must be proved . . ." and "[t]he fourth element of self-defense that must be proved. . . ." The defendant contends that the use of these terms led the jury to believe that the defendant had to prove these elements of self-defense in order to be acquitted. The court did not say the defendant had to prove these elements. Reading the charge contextually and considering that the court instructed the jury that the State must prove the absence of self-defense, we do not believe the language of which defendant complains could have misled the jury. In the final mandate, the court charged the jury as follows:

> "Finally, if the State has failed to satisfy you beyond a reasonable doubt, first, that Leroy Benton, Jr. did not reasonably believe under the circumstances as they existed at the time of the killing that he was about to suffer death or serious bodily injury at the hands of Robert Henry Eller; and second, that Leroy Benton, Jr. used more force than reasonably appeared to him to be necessary; and third, that Leroy Benton, Jr. was the aggressor, then the killing of Robert Henry Eller by Leroy Benton, Jr. would be justified on the grounds of self-defense, and it would be your duty to return a verdict of not guilty."

State v. Benton

The defendant contends this part of the final mandate was confusing to the jury. This language was taken from the North Carolina Pattern Jury Instructions, N.C.P.I.—Crim. 206.30. We hold that it is a proper charge and properly puts the burden on the State to prove beyond a reasonable doubt all elements of self-defense.

In his last assignment of error the defendant contends the court did not properly relate the law to the evidence thus violating G.S. 15A-1232. The court recounted the evidence of the State and defendant. The jury was then instructed what they would have to find from the evidence in order to find the defendant guilty or not guilty of the various charges. We hold this satisfies the requirements of G.S. 15A-1232.

No error.

Judge MITCHELL concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.) dissenting.

I am of the opinion that defendant should have a new trial. In instructing the jury, the trial court twice stated that in order for the defendant to be excused by reason of self-defense certain elements "must be proved." This language impermissibly shifted the burden from the State to the defendant on the defense of self-defense. Although the court in other portions of the charge correctly stated that the burden of proof was on the State to prove from the evidence beyond a reasonable doubt that the killing was not done in self-defense, the instructions were contradictory and could only have engendered confusion which would naturally be prejudicial to defendant. *See Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975).